# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLAPANDO,<br><br>        Plaintiff,<br><br>   vs.<br><br>CDCR,<br><br>        Defendant. | 1:14cv00823 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (Document 4)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Richard Villapando ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 30, 2014. By separate order, the Court has dismissed the complaint with leave to amend. Plaintiff has not yet filed an amended complaint, though the time for amending has not yet passed.

On May 30, 2014, Plaintiff filed the instant motion for a temporary restraining order and preliminary injunction. Plaintiff seeks an order enjoining the enforcement of a regulation that makes certain religious items non-allowable.

## **DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed

on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted) (emphasis added).

Plaintiff's complaint has been dismissed with leave to amend.  Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions.  18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

Finally and more importantly, Plaintiff must establish that he has standing to seek preliminary injunctive relief.  Summers, 555 U.S. at 493; Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  To do so, he "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493 (citation omitted); Mayfield, 599 F.3d at 969.

As the Court explained in the screening order, the regulation at issue permitted inmates to keep non-allowable items until June 9, 2014.  At the time Plaintiff filed his complaint and this motion, his items had not yet been confiscated and it is unclear whether the regulation will actually be enforced.  Indeed, Plaintiff argues that he is "under the continuing threat" of having his religious items taken, but under these circumstances, a threat is not sufficient.  Mot. 15.  Plaintiff also points to his "potential suffering should such threats come to fruition," but this *potential* action is also insufficient to establish standing.

**RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's motion be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days

after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 3, 2014**                               /s/ Dennis L. Beck
                                                        UNITED STATES MAGISTRATE JUDGE