# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLAPANDO,<br><br>        Plaintiff,<br><br>   vs.<br><br>CDCR,<br><br>        Defendant. | )  1:14cv00823 LJO DLB PC<br>)<br>)<br>)  ORDER DISMISSING COMPLAINT<br>)  WITH LEAVE TO AMEND<br>)<br>)  THIRTY-DAY DEADLINE<br>)<br>)<br>) |

Plaintiff Richard Villapando ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 30, 2014. He names the California Department of Corrections and Rehabilitation ("CDCR") as the sole Defendant.

A. **SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated in the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California.

Plaintiff is a Native American inmate who participates in the Native American Spiritual Circle ("NASC").  For decades, these inmates have been permitted to possess items that are essential to their daily cultural, ceremonial and spiritual beliefs and practices.

On October 19, 2012, Kathleen Dickinson, the director of Division of Adult Services, issued a memorandum that proposed a matrix for allowable religious property.  The proposed matrix omitted previously approved items essential to the practice of Native American religious beliefs.  The memo proposed a one-year "wear-out" period for items not on the list.  There was no grandfather clause, even though grandfather-clause protection was offered for inmates who had non-religious items that were no longer approved (i.e., electric typewriters with memory and televisions with speakers).

Plaintiff and other members of the NASC became aware of the memo in April 2013 when the chaplain denied their spiritual package orders.  Plaintiff appealed the denial, but it was denied at the third level in October 2013.

As Plaintiff and other inmates were trying to obtain further information about the new proposed rules, they were told that as of October 19, 2013, SATF staff would actively seek out, confiscate and destroy any religious property not included in the matrix.  The inmates were also told that staff would target Native American inmates.

Also in April 2013, Plaintiff acquired a copy of the official Notice of Change to Regulations 13-01 ("NCR 13-01"), which had been implemented on February 15, 2013.

On May 27, 2013, Plaintiff submitted an appeal contending that NCR 13-01 was unconstitutional because it did not include a grandfather clause to protect items essential to Native American inmates.  The appeal was screened out at the second level as duplicative.

On July 1, 2013, Plaintiff was told that CDCR changed the matrix to include beads and beading materials, but not the leather/hide/skin essential to construct beaded items.  It also did not include components such as "earwire" needed to construct traditional earrings, or flutes, rattles and handdrums.

On October 18, 2013, the day before the original "wear-out" period was set to expire, CDCR issued a memo extending the wear-out period for 180 days after approval of the matrix.

On December 23, 2013, CDCR issued another memo indicating that the matrix had been approved and the wear-out date was now June 9, 2014.

Based on the above, Plaintiff alleges the following causes of action:

1. Violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA");

2. Violation of the Fourteenth Amendment based on NCR 13-01's benefit to conventional and/or predominantly Caucasian religions;

3. Violation of the Fourteenth Amendment based on the lack of a grandfather clause in NCR 13-01; and

4. Violation of the Eighth Amendment based on the ability of staff to "threaten and instigate the confiscation and/or destruction of religious property."

**C.  DISCUSSION**

    1.  <u>Case or Controversy Requirement</u>

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); <u>Human Life of Washington Inc. v. Brumsickle</u>, 624 F.3d 990, 1000 (9th Cir. 2010); <u>Chandler v. State Farm Mutual Auto. Ins. Co.</u>, 598 F.2d 1115, 1121-22 (9th Cir. 2010). This requires Plaintiff to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in his favor. <u>Human Life of Washington Inc.</u>, 624 F.3d at 1000 (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992)) (quotation marks omitted). Related to standing is the doctrine of ripeness, which precludes from consideration injuries that are speculative and may never occur. <u>Chandler</u>, 598 F.3d at 1122 (citation omitted). Ripeness is a question of timing and

can be characterized as standing on a timeline. Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quotations and citations omitted).

At the time Plaintiff filed this action, the "wear-out" period had not yet elapsed. Plaintiff filed this action on May 30, 2014, but he alleges that he would be permitted to keep his items until June 9, 2014. Therefore, at the time Plaintiff filed his complaint, his non-approved religious items had not been confiscated pursuant to NCR 13-01, and it is unclear when or even if the regulation will be enforced against Plaintiff. The mere existence of the regulation does not satisfy the case or controversy requirement, Thomas, 220 F.3d at 1139 (citation omitted), and therefore, Plaintiff's claims are unripe and are subject to dismissal for lack of subject matter jurisdiction.

However, given the passage of time between the initiation of this suit and the issuance of the screening order, the Court will permit Plaintiff leave to amend in the event that this deficiency is curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Court provides the following analysis to assist Plaintiff in amending his complaint.

2.     Defendant CDCR

Plaintiff names CDCR as the sole Defendant based on his contention that CDCR is responsible for the generation and implementation of NCR 13-01.[1] However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

---

[1] Plaintiff alleges that Kathleen Dickinson issued a memorandum discussing the upcoming changes. He makes it clear, however, that he is only suing CDCR and the Court will not assume that Ms. Dickinson is a Defendant.

Therefore, Plaintiff may not maintain a claim against CDCR. As explained above, Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010).

### 3. First Amendment and RLUIPA

The protections of the Free Exercise Clause of the First Amendment are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008), and RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means,'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)).

In his complaint, Plaintiff alleges that NCR 13-01's restrictions unduly and overly inhibit the practice of his Native American religion. Construed liberally, and if Plaintiff can establish standing and name a proper Defendant, this may state a claim under the First Amendment and RLUIPA.

### 4. Fourteenth Amendment Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow

prisoners who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)).

To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part on other grounds by Shakur, 514 F.3d at 884-85.

      a.    *Benefit to Other Religions*

Plaintiff contends that NCR 13-01 is "skewed to benefit conventional religions (Christianity and Islam) and one 'alternative' religion (Wicca) that is predominantly Caucasian in membership." Comp. 12. Construed liberally, and if Plaintiff can establish standing and name a proper Defendant, this may state a claim under the Fourteenth Amendment.

      b.    *Grandfather Clause*

Plaintiff also contends that the lack of a grandfather clause in NCR 13-01 violates the Fourteenth Amendment because other inmates are permitted to keep non-religious items that become disapproved. As an example, he explains that inmates who possess non-religious items such as keyboards and certain televisions, were permitted to keep the items after they were no longer approved for possession.

Unlike Plaintiff's claim based on inequality amongst religions, this claim does not compare similarly situated individuals. In other words, there is no relationship between Plaintiff's inability to keep non-allowed religious items and other inmates' ability to keep non-religious, non-allowable items. The two groups are not similarly situated and he fails to state a claim based on these allegations.

5. <u>Eighth Amendment</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. <u>Morgan</u>, 465 F.3d at 1045 (citing <u>Rhodes</u>, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. <u>Morgan</u>, 465 F.3d at 1045 (quotation marks and citations omitted); <u>Hope v. Pelzer</u>, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); <u>Rhodes</u>, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150-51 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff alleges that NCR 13-01 permits staff to "threaten and instigate, the confiscation and/or destruction of religious property." Compl. 13. However, even though Plaintiff may believe that his religious items are important, the confiscation and/or destruction of the items does not involve a substantial risk of harm to his *health or safety*. Moreover, even if

Plaintiff could state a claim based on the denial of religious items, his allegations are purely speculative.

Plaintiff fails to state a claim under the Eighth Amendment.

### D. **CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff's complaint fails to state a claim for which relief may be granted.  While he may ultimately be able to state a claim under the First Amendment, Fourteenth Amendment and RLUIPA, he must address the standing issue and name a proper Defendant.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 3, 2014**                              /s/ *Dennis L. Beck*
                                                                        UNITED STATES MAGISTRATE JUDGE