# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLAPANDO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CDCR,<br><br>　　　　Defendant. | )　1:14cv00823 LJO DLB PC<br>)<br>)<br>)　ORDER DENYING PLAINTIFF'S MOTION<br>)　FOR RECONSIDERATION<br>)　(Document 14)<br>)<br>)　ORDER GRANTING PLAINTIFF AN<br>)　EXTENTION OF TIME TO FILE AN<br>)　AMENDED COMPLAINT |

　　　　Plaintiff Richard Villapando ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 30, 2014.

　　　　On July 7, 2014, the Court screened Plaintiff's complaint and dismissed it with leave to amend.

　　　　On July 21, 2014, Plaintiff filed the instant motion for reconsideration of certain portions of the screening order.

## **LEGAL STANDARD**

　　　　Reconsideration motions are committed to the discretion of the trial court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision.  *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with

the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

## DISCUSSION

Plaintiff seeks reconsideration of two rulings in the screening order: the dismissal of CDCR as a Defendant, and the Court's finding that Plaintiff failed to state a claim under the Fourteenth Amendment based on his grandfather-clause argument.

A.     CDCR as Defendant

Plaintiff named CDCR as the sole Defendant based on his contention that CDCR is responsible for generating and implementing the regulation at issue. The Magistrate Judge explained, however, that CDCR is entitled to immunity under the Eleventh Amendment regardless of the relief sought. *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012); *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010).

In moving for reconsideration, Plaintiff first argues that CDCR is a proper Defendant where Plaintiff challenges the constitutionality of a regulation and seeks injunctive relief. In support, Plaintiff cites a 2006 decision from this Court. However, more recent Ninth Circuit case law holds that under section 1983, the Eleventh Amendment prohibits actions against the state for either damages or injunctive relief. *Buckwalter*, 678 F.3d at 740, n.1.

Of course, as the Magistrate Judge explained, Plaintiff may name a *state official* to obtain prospective relief. "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127

(9th Cir. 2013) (*citing Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358 (1991)). "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann*, 707 F.3d at 1127 (*citing Los Angeles County v. Humphries*, 131 S.Ct. 447, 452, 454 (2010)).

Insofar as Plaintiff contends that CDCR is the proper Defendant for prospective relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Magistrate Judge did not specifically discuss proper defendants under RLUIPA because Plaintiff did not state a claim under RLUIPA. Nonetheless, Plaintiff is correct. Last month, the Ninth Circuit definitively held that a RLUIPA claim may not be maintained against prison officials in their individual capacities. *Wood v. Yordy*, 753 F.3d 899 (9th Cir. 2014). As Plaintiff was granted leave to amend his RLUIPA claim and the Magistrate Judge did not discuss the issue, the Court will not grant reconsideration on this claim. Plaintiff is permitted to amend his complaint and name the proper defendant.

B.   Equal Protection Claim

Finally, Plaintiff contends that the Magistrate Judge incorrectly found that his grandfather-clause argument did not state a claim under the Equal Protection Clause. In his complaint, Plaintiff argued that the lack of a grandfather clause in NCR 13-01, the regulation at issue, violates the Equal Protection Clause because other inmates are permitted to keep non-religious items that become disapproved under *different* regulations. As an example, he explains that inmates who possess non-religious items such as keyboards and certain televisions, were permitted to keep the items after they were no longer approved for possession.

In explaining that Plaintiff did not state a claim, the Magistrate Judge explained that his claim did not compare similarly situated individuals. "In other words, there is no relationship between Plaintiff's inability to keep non-allowed religious items and other inmates' ability to keep non-religious, non-allowable items." ECF No. 11, at 7.

The Magistrate Judge was correct in finding that Plaintiff is attempting to compare groups that are not similarly situated.  If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta,* 309 F.3d 662, 679 (9th Cir. 2002).

The Court understands his argument, but it remains that he is comparing different sets of prisoners that were subject to different regulations.  While it is true that these inmates all had property that eventually became non-allowable pursuant to various regulations, the inmates are not similarly situated where they were subject to *different* regulations.  Accordingly, Plaintiff's motion for reconsideration on this basis is denied.

## **ORDER**

For these reasons, Plaintiff's motion for reconsideration is DENIED.  Plaintiff is GRANTED an extension of time of thirty (30) days from the date of service of this order within which to file an amended complaint.[1]

IT IS SO ORDERED.

  Dated:   **July 25, 2014**                     /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE

---

[1] Insofar as Plaintiff requests that he be permitted to refer back to the exhibits attached to his original complaint, his request is denied.  Local Rule 220 requires an amended pleading be complete in itself without reference to the prior or superseded pleading.  Plaintiff is advised, however, that exhibits are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.