# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLAPANDO,<br><br>           Plaintiff,<br><br>     vs.<br><br>CDCR,<br><br>           Defendant. | 1:14cv00823 LJO DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Document 10) |

Plaintiff Richard Villapando ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 30, 2014, Plaintiff filed the instant motion for a temporary restraining order and preliminary injunction.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 7, 2014, the Magistrate Judge issued Findings and Recommendations that Plaintiff's motion be denied.  The Findings and Recommendations were served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On July 21, 2014, Plaintiff filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

Plaintiff disagrees with the Magistrate Judge's finding that Plaintiff did not have standing to seek preliminary injunctive relief. The Court explained:

> As the Court explained in the screening order, the regulation at issue permitted inmates to keep non-allowable items until June 9, 2014. At the time Plaintiff filed his complaint and this motion, his items had not yet been confiscated and it is unclear whether the regulation will actually be enforced. Indeed, Plaintiff argues that he is "under the continuing threat" of having his religious items taken, but under these circumstances, a threat is not sufficient. Mot. 15. Plaintiff also points to his "potential suffering should such threats come to fruition," but this potential action is also insufficient to establish standing.

ECF No. 10, at 2.

In his objections, Plaintiff contends that he sought relief prior to the enforcement of the regulation because it is difficult to get property back once staff confiscates it. While the Court appreciates Plaintiff's desire to avoid confiscation, this does not alter the requirement that a movant have standing to invoke this Court's jurisdiction. The fact remains that, at the time Plaintiff filed his motion for injunctive relief, the regulation at issue had not yet been enforced and he had not yet been subject to concrete harm.

Plaintiff also objects because the Magistrate Judge did not specifically address his request for a protective order. The Court will generally construe a motion based on the relief requested. Indeed, a protective order would not be appropriate based on Plaintiff's request for relief. In moving for a protective order, a plaintiff must make a good cause showing that without it, he would be significantly impeded from litigating this action. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex re. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir.2002). The focus of the harm in protective order situations is harm to the

ability to litigate, not irreparable harm to the plaintiff.  As Plaintiff was seeking an order to prohibit CDCR staff from taking his religious items, a request that has nothing to do with his ability to litigate this action, he would not have been entitled to a protective order.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed July 7, 2014, are ADOPTED in full; and

2. Plaintiff's motion for injunctive relief (Document 4) is DENIED.

IT IS SO ORDERED.

Dated:   **July 25, 2014**           **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE