# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLAPANDO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CDCR,<br><br>　　　　Defendant. | ) 1:14cv00823 LJO DLB PC<br>)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING PLAINTIFF'S MOTION FOR<br>) TEMPORARY RESTRAINING ORDER<br>) (Document 17)<br>)<br>) THIRTY-DAY DEADLINE<br>) |

　　　　Plaintiff Richard Villapando ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 30, 2014. He filed a First Amended Complaint on August 13, 2014. By separate order, the Court has found that Plaintiff states a cognizable claim under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 against Jeffrey Beard, Secretary of CDCR. Plaintiff was ordered to submit service documents, and the time for submission of those documents has not yet passed.

　　　　On August 13, 2014, Plaintiff filed the instant motion for a temporary restraining order and preliminary injunction.[1] Plaintiff seeks an order enjoining the enforcement of a regulation

---

[1] Plaintiff filed a prior motion for temporary restraining order on May 30, 2014. The motion was denied on July 25, 2014.

that makes certain religious items non-allowable, and /or prohibiting threats of confiscation or destruction of Plaintiff's religious items.

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers, 555 U.S. at 493; Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). To do so, he "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493 (citation omitted); Mayfield, 599 F.3d at 969.

Here, Plaintiff requests that the Court prohibit the enforcement of Notice of Change to Regulations 13-01 ("NCR 13-01"), prohibit threats of confiscation or destruction of the religious items at issue, and/or "maintain the previously approved policies and procedures for Plaintiff to order and receive religious property and artifacts." ECF No. 17, at 1-2. Plaintiff states that his religious property includes items that are no longer allowable under NCR 13-01, but are essential to his spiritual beliefs. He contends that he is suffering irreparable harm "in the form of mental anguish due to living under the continued threat" that his items may be confiscated and/or destroyed. ECF No. 17, at 8.

Plaintiff's allegations are insufficient to demonstrate irreparable harm. Although Plaintiff states that he lives under the constant threat that his religious items may be taken or destroyed, he

includes no facts to suggest that this may happen.  In other words, Plaintiff's worry, without more, is insufficient to establish a threat that is concrete and particularized, rather than conjectural or hypothetical.

Moreover, the Court notes that "[w]here the regulations of a state prison are involved, 'federal courts have ... additional reason to accord deference to the appropriate prison authorities.'"  Turner v. Safley, 482 U.S. 78, 85 (citation and internal quotation marks omitted).  Of course, the Court would enjoin a regulation if the regulation was found to violate an inmate's constitutional rights.  However, the Court will not grant preliminary injunctive relief absent a clear showing that Plaintiff is entitled to relief.

## RECOMMENDATION

For these reasons, the Court RECOMMENDS that Plaintiff's motion be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 17, 2014**          /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE