# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLAPANDO,<br><br>          Plaintiff,<br><br>     vs.<br><br>CDCR,<br><br>          Defendant. | 1:14cv00823 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br>(Document 23)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Richard Villapando ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 30, 2014. He filed a First Amended Complaint on August 13, 2014. The action is proceeding against Jeffrey Beard, Secretary of CDCR, for violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000.[1]

On October 8, 2014, Plaintiff filed the instant motion for a temporary restraining order and preliminary injunction. Plaintiff seeks an order enjoining Defendant from enforcing Notice of Change to Regulations 13-01 ("NCR 13-01"), which makes certain religious items non-allowable. Plaintiff also seeks to enjoin Defendant from threats and confiscation and/or destruction of Plaintiff's religious items.

---

[1] Service documents were forwarded to the United States Marshal for service on October 2, 2014.

A.  **LEGAL STANDARD**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers, 555 U.S. at 493; Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). To do so, he "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493 (citation omitted); Mayfield, 599 F.3d at 969.

B.  **PLAINTIFF'S ALLEGATIONS**

Here, as he has in past motions for injunctive relief, Plaintiff requests that the Court prohibit the enforcement of NCR 13-01, prohibit threats of confiscation or destruction of the religious items at issue, and/or "maintain the previously approved policies and procedures for Plaintiff to order and receive religious property and artifacts." ECF No. 23, at 2.

Plaintiff is a Native American inmate and participates in the Native American Spiritual Circle ("NASC"). NCR 13-01 changed allowable religious property, and omitted several previously approved items that Plaintiff believes are essential to his Native American religious practices. The "wear-out" period for non-allowable items ended on June 9, 2014.

Plaintiff contends that he has received threats from staff regarding the confiscation and destruction of his spiritual items, and he has hidden the religious items that are no longer allowed with other inmates. He explains that on July 13, 2014, he and his "pod-mate," also a fellow

litigant, returned to their living quarters and found their property, especially their spiritual property, dumped and strewn about. Several items that are allowed were severely damaged. Other inmates informed Plaintiff that two officers, one who was identified as Officer Rodriguez, entered the pod and ordered everyone to leave. No other inmates had their property searched.

When Plaintiff attempted to gather information on the search, he was told to "let it go," and that he was warned that they would be "coming after the Indians." Plaintiff was also told that "if you two hadn't gone to the courts, maybe" their items would not have been destroyed. ECF No. 23, at 9.

Since the July search, Plaintiff and his pod-mate have been subjected to searches of their personal and religious property about every two weeks. Sometimes the officers have the new matrix in their hands while they search to check whether the found items are allowable. Plaintiff contends that the searches are targeting him and his pod-mate because of their membership in the NASC and as litigants against Defendant Beard. He states that he has been advised that he and his pod-mate "are being specifically targeted due to their participation in the present litigation." ECF No. 23, at 16.

C. **ANALYSIS**

This action involves the constitutionality of NCR 13-01. However, the facts underlying this request for injunctive relief are only tangentially related to NCR 13-01. Instead, Plaintiff is seeking protection from retaliatory actions taken by various staff members for his involvement in this litigation. Plaintiff specifically states that he was told he was targeted because of this litigation. In other words, Plaintiff seeks relief from retaliation, not the enforcement of NCR 13-01. Under Plaintiff's facts, enjoining Defendant Beard from enforcing NCR 13-01 will not stop the officers' retaliatory searches.

Contrary to Plaintiff's arguments, there is no direct connection between Defendant Beard's enforcement of NCR 13-01 and the officers' retaliatory searches. While the officers may be referencing NCR 13-01, or checking property to see if it is allowable, the officers were motivated by Plaintiff's litigation. Conduct must be fairly traceable to challenged conduct of the

defendant, and in this instance, Plaintiff cannot meet this requirement.  <u>Summers</u>, 555 U.S. at 493 (citation omitted); <u>Mayfield</u>, 599 F.3d at 969.

That the officers are retaliating against Plaintiff is further supported by the officers' alleged destruction of *allowable* property.

Moreover, the Court notes that "[w]here the regulations of a state prison are involved, 'federal courts have ... additional reason to accord deference to the appropriate prison authorities.'"  <u>Turner v. Safley</u>, 482 U.S. 78, 85 (citation and internal quotation marks omitted).  Of course, the Court would enjoin a regulation if the regulation was found to violate an inmate's constitutional rights.  However, the Court will not grant preliminary injunctive relief absent a <u>clear showing</u> that Plaintiff is entitled to relief.

**RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's motion be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 13, 2014**          /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE