# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLAPANDO,<br><br>             Plaintiff,<br><br>       vs.<br><br>BEARD,<br><br>             Defendant. | ) 1:14cv00823 LJO DLB PC<br>)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING DEFENDANT'S MOTION TO<br>) DISMISS<br>) (Document 32)<br>)<br>) THIRTY-DAY DEADLINE<br>) |

     Plaintiff Richard Villapando ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 30, 2014. Pursuant to Court order, he filed a First Amended Complaint ("FAC") on August 13, 2014. The action is proceeding against Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, for violation of the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

     On January 14, 2015, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff opposed the motion on February 2, 2015. After receiving an extension of time, Defendant filed his reply on February 16, 2015. The motion is suitable for decision pursuant to Local Rule 230(l).

A.      **ALLEGATIONS IN FIRST AMENDED COMPLAINT**

Plaintiff is a Native American inmate who participates in the Native American Spiritual Circle ("NASC"). For decades, these inmates have been permitted to possess items that are essential to their daily cultural, ceremonial and spiritual beliefs and practices.

On October 19, 2012, the Division of Adult Services issued a memorandum that proposed a matrix for allowable religious property. The proposed matrix omitted previously approved items essential to the practice of Native American religious beliefs. The memo proposed a one-year "wear-out" period for items not on the list. There was no grandfather clause, even though grandfather-clause protection was offered for inmates who had non-religious items that were no longer approved (i.e., electric typewriters with memory and televisions with speakers).

Plaintiff and other members of the NASC became aware of the memo in April 2013 when the chaplain denied their spiritual package orders.

As Plaintiff and other inmates were trying to obtain further information about the new proposed rules, they were told that as of October 19, 2013, staff would actively seek out, confiscate and destroy any religious property not included in the matrix. The inmates were also told that staff would target Native American inmates.

Also in April 2013, Plaintiff acquired a copy of the official Notice of Change to Regulations 13-01 ("NCR 13-01"), which had been implemented on February 15, 2013. NCR 13-01 included a proposed matrix using the same language as the October 19, 2012, proposed matrix.

In mid-August 2013, Plaintiff was informed that on July 1, 2013, CDCR changed the matrix to include beads and beading materials. However, the matrix did not include the leather/hide/skin essential to construct beaded items, components such as "earwire" needed to construct traditional earrings, or flutes, rattles and handdrums.

On October 18, 2013, the day before the original "wear-out" period set forth in the October 2012 memorandum was set to expire, CDCR issued a memo stating that further amendments to the matrix were expected, and that the matrix had not yet been approved. The CDCR memo also extended the wear-out period for 180 days after approval of the matrix.

On December 23, 2013, CDCR issued another memo indicating that the matrix had been approved and was in effect as of December 10, 2013. The memo also indicated that the wear-out date was extended to June 9, 2014. The Religious Personal Property Matrix was attached to the memo, but it did not include any additional religious items for the NASC.

Plaintiff alleges that Defendant Beard knew, or should have known, that "allowing and participating in the implementation of Notice to Change to Regulations 13-01, which disallows the possession and/or acquisition of previously approved religious artifacts and other items that are integral and central to [his] daily" Native American spiritual practice, would result in a violation of the First Amendment and RLUIPA. ECF No. 18, at 5. Plaintiff also alleges that NCR 13-01 is skewed to benefit conventional religions, in violation of the Fourteenth Amendment.

For relief, Plaintiff asks that NCR 13-01 be deemed unconstitutional, and that Defendant be ordered to rescind or amend it.

B.    **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). As a result, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." Id. (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of establishing subject-matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). There are two types of Rule 12(b)(1) motions: (1) a facial attack on subject-matter jurisdiction based solely on the allegations made in the complaint, see Warren v.

Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); or (2) a factual attack on subject-matter jurisdiction that may be based on extrinsic evidence outside of the pleadings, see White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack such as this, the allegations in Plaintiff's complaint are taken as true and all reasonable inferences are drawn in his favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Missouri v. Harris, --F.3d--, 2014 WL 4971473 (E.D. Cal. 2014). Further, the complaint must be construed liberally because Plaintiff is proceeding pro se. Id.

## C.     DISCUSSION

Defendant argues that it is clear from the face of Plaintiff's FAC that NCR 13-01 was not the operative regulation governing Plaintiff's religious property at the time he filed his complaint. Defendant therefore contends that Plaintiff lacks standing to seek declaratory and injunctive relief relating to the alleged unconstitutionality of NCR 13-01.

### 1.     *Basis of Plaintiff's FAC*

Prior to determining the evolution of NCR 13-01, the Court must first determine the basis of Plaintiff's FAC. According to Defendant, Plaintiff's FAC is exclusively about the constitutionality of NCR 13-01 and seeks only declaratory and injunctive relief as to NCR 13-01.

In opposing the motion, however, Plaintiff contends that Defendant mischaracterized "both the intent and the spirit of the complaint." ECF No. 33, at 2. Plaintiff believes that while NCR 13-01 is the "major point of reference," the claim of unconstitutionality pertains to the "cumulative and continuing injurious effect of the rules change. . .precipitated by NCR 13-01 and including any and all later amendments and matrixes." ECF No. 33, at 2. Plaintiff contends that the FAC makes this clear by incorporating NCR 13-01, its proposed matrix, and each amendment to NCR 13-01, up to and including the final matrix approved by the Office of Administrative Law.[1] ECF No. 33, at 2.

---

[1] Plaintiff cites to the exhibits attached to the FAC, including the October 19, 2012,memorandum, the official NCR 13-01 (effective February 21, 2013), an August 9, 2013, letter from California Indian Legal Services, the October 18, 2013, memorandum, and the December 23, 2013, memorandum.

Upon review of Plaintiff's FAC and his requested relief, the Court finds that his FAC identifies NCR 13-01 as the only regulation at issue. While Plaintiff's factual allegations include both the history of NCR 13-01 and the eventual adoption of the matrix that would replace the temporary matrix proposed by NCR 13-01, he specifically contends that Defendant Beard knew, or should have known, that "allowing and participating in the implementation of Notice to Change to Regulations 13-01" would result in a violation of the First Amendment and RLUIPA. ECF No. 18, at 5. Plaintiff also specifically alleges that NCR 13-01 is skewed to benefit conventional religions, in violation of the Fourteenth Amendment. Most importantly, Plaintiff's requested relief deals exclusively with NCR 13-01. He asks that NCR 13-01 be deemed unconstitutional, and that Defendant be ordered to rescind or amend it.

To the extent that Plaintiff intended to incorporate other regulations, his FAC does not satisfy Rule 8's notice requirement. Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. Pro. 8(a). "Such a statement must simply *give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests*." Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (emphasis added).

    2.    *Jurisdiction*

Having determined that Plaintiff's FAC is exclusively about NCR 13-01, the Court must now determine whether Plaintiff has standing to challenge it. Defendant argues that NCR 13-01 was replaced and superseded by a new matrix in December 2013. Indeed, Plaintiff attaches the December 23, 2013, memorandum to his FAC, which explains that the Religious Personal Property Matrix was approved and in effect as of December 10, 2013. This matrix *replaced* the matrix that went into temporary effect on February 21, 2013, as a result of NCR 13-01. ECF No. 18, at 206. In other words, the matrix proposed by NCR 13-10 was temporarily in effect from February 2013 through December 2013, months before Plaintiff filed this action.

The result, therefore, is that at the time Plaintiff filed this action, an actual case or controversy did not exist to confer standing on Plaintiff. White v. Lee, 227 F.3d 1214, 1243 (9th Cir. 2000) (standing is determined and must exist when a lawsuit is commenced).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted); Human Life of Washington Inc. v. Brumsickle, 624 F.3d 990, 1000 (9th Cir. 2010); Chandler v. State Farm Mutual Auto. Ins. Co., 598 F.2d 1115, 1121-22 (9th Cir. 2010). This requires Plaintiff to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in his favor. Human Life of Washington Inc., 624 F.3d at 1000 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)) (quotation marks omitted).

As NCR 13-01 is no longer operative, Plaintiff cannot show a likelihood that his alleged injury would be redressed by a decision in his favor.

To avoid this result, Plaintiff attempts to argue that he was not aware of the incorporation into Title 15 until December 2014, when inmates received an updated copy of the regulation. He therefore suggests that at the time he filed this action, his complaint focused "on the only references known to him at the time. . ." ECF No. 33, at 4. However, Plaintiff's incorrect understanding of the implementation of the regulations is irrelevant to whether he had standing to bring this action.

Plaintiff also argues that the December 23, 2013, memo does not refer to Title 15. It does, however, specifically say that the temporary matrix proposed by NCR 13-01 was *replaced* by the new matrix as of December 10, 2013. That the memo does not mention the ultimate incorporation into Title 15 is of no consequence.

Finally, Plaintiff requests that he be permitted to amend if the Court grants the motion to dismiss. An amendment will not cure the standing issue, however, as Plaintiff must have had

6

standing when he commenced this action.  White, 227 F.3d at 1243.  The Court also notes that Plaintiff is not precluded from challenging the Title 15 regulation now in effect in a new action.

D. **FINDINGS AND RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Defendant's motion to dismiss be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.  The Court further recommends that the November 14, 2014, Findings and Recommendations that Plaintiff's motion for a temporary restraining order be denied be VACATED and that Plaintiff's motion be DENIED AS MOOT.[2]

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may file a reply within fourteen (14) days of receiving objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 22, 2015**              /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] On November 14, 2014, the Court issued Findings and Recommendations to deny Plaintiff's October 8, 2014, motion for a temporary restraining order.  Given the jurisdictional challenge, the Court did not adopt the Findings and Recommendations.