# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLAPANDO,<br><br>               Plaintiff,<br><br>    vs.<br><br>CDCR,<br><br>             Defendant. | ) 1:14cv00823 LJO DLB PC<br>)<br>)<br>) ORDER ADOPTING FINDINGS AND<br>) RECOMMENDATIONS AND DENYING<br>) PLAINTIFF'S MOTION FOR TEMPORARY<br>) RESTRAINING ORDER<br>)<br>) (Document 25)<br>) |

Plaintiff Richard Villapando ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 8, 2014, Plaintiff filed a motion for temporary restraining order.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 14, 2014, the Magistrate Judge issued Findings and Recommendations that Plaintiff's motion be denied.  The Findings and Recommendations were served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  Plaintiff filed objections on December 19, 2014.

///

///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

Plaintiff's motion seeks an order enjoining Defendant Beard from enforcing NCR 13-01, and/or from making threats to take or destroy his religious property.  Insofar as Plaintiff's motion relates to the enforcement of NCR 13-01, the regulation is no longer in effect.  Plaintiff's First Amended Complaint was dismissed with leave to amend on May 7, 2015, to permit Plaintiff to cite the relevant regulation.  Therefore, at this time, there is no operative pleading and this action no longer focuses on NCR 13-01.  18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

Plaintiff also requests that the Court enjoin Defendant, "his successors in office, his officials, agents and employees, and all other persons acting in concern and participation with Defendant" from retaliatory threats.  However, the Court does not have jurisdiction over anyone other than Defendant, it is does not appear that he was involved in the actions complained of. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

Finally, the Magistrate Judge correctly noted that this action is not about retaliatory threats or searches, and thus the issues are beyond the scope of available equitable relief.  See e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).

///

Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations, filed November 14, 2014, are ADOPTED in

        full; and

2.      Plaintiff's motion for injunctive relief (Document 23) is DENIED.

IT IS SO ORDERED.

Dated:   __**May 11, 2015**__                   _____/s/ Lawrence J. O'Neill_____
                                                UNITED STATES DISTRICT JUDGE