# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLAPANDO,<br><br>   Plaintiff,<br><br>   vs.<br><br>BEARD,<br><br>   Defendant. | 1:14cv00823 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br>(Document 53)<br><br>THIRTY-DAY OBJECTION DEADLINE |

   Plaintiff Richard Villapando ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 30, 2014.  Pursuant to Court order, he filed a Second Amended Complaint ("FAC") on June 29, 2015.  The action is proceeding against Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, for violation of the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

   On August 17, 2015, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Defendant also argues that Plaintiff's allegations fail to state a claim for relief under Rule 12(b)(6).  Plaintiff opposed

1

the motion on October 5, 2015.  Defendant filed his reply on October 13, 2015.  The motion is suitable for decision pursuant to Local Rule 230(l).

A.   **PROCEDURAL HISTORY**

Defendant filed a prior motion to dismiss pursuant to 12(b)(1) for lack of subject matter jurisdiction on January 14, 2015.  In that motion, Defendant argued that Plaintiff lacked standing because the regulation he challenged, NCR-13-01, was no longer the operative regulation.

On February 23, 2015, the Magistrate Judge issued Findings and Recommendations to grant the motion to dismiss.  However, in an order dated May 7, 2015, the Court declined to adopt the Findings and Recommendations.  Rather than characterize the issue as one of standing, the Court believed that the deference to be afforded to pro se prisoners required the issue to be characterized under Rule 8.  Specifically, the Court explained that even though Plaintiff did not cite the correct regulation, he continued to be deprived of his property and his injury therefore remained.  In a footnote, the Court recognized that it was not clear whether the issue was ripe for adjudication because it was unclear whether Plaintiff had actually been deprived of his property.  The Court granted Plaintiff leave to amend.

Plaintiff filed a Second Amended Complaint on June 29, 2015.

B.   **ALLEGATIONS IN SECOND AMENDED COMPLAINT**

Plaintiff is a Native American inmate who participates in the Native American Spiritual Circle ("NASC").  For decades, these inmates have been permitted to possess items that are essential to their daily cultural, ceremonial and spiritual beliefs and practices.

On October 19, 2012, the Division of Adult Services issued a memorandum that proposed a matrix for allowable religious property.  The proposed matrix omitted previously approved items essential to the practice of Native American religious beliefs.  The memo proposed a one-year "wear-out" period for items not on the list. There was no grandfather clause, even though grandfather-clause protection was offered for inmates who had non-religious items

that were no longer approved (i.e., electric typewriters with memory and televisions with speakers).

Plaintiff and other members of the NASC became aware of the memo in April 2013 when the chaplain denied their spiritual package orders.

As Plaintiff and other inmates were trying to obtain further information about the new proposed rules, they were told that as of October 19, 2013, staff would actively seek out, confiscate and destroy any religious property not included in the matrix.  The inmates were also told that staff would target Native American inmates.

Also in April 2013, Plaintiff acquired a copy of the official Notice of Change to Regulations 13-01 ("NCR 13-01"), which had been implemented on February 15, 2013.  NCR 13-01 included a proposed matrix using the same language as the October 19, 2012, proposed matrix.

In mid-August 2013, Plaintiff was informed that on July 1, 2013, CDCR changed the matrix to include beads and beading materials.  However, the matrix did not include the leather/hide/skin essential to construct beaded items, components such as "earwire" needed to construct traditional earrings, or flutes, rattles and handdrums.

On October 18, 2013, the day before the original "wear-out" period set forth in the October 2012 memorandum was set to expire, CDCR issued a memo stating that further amendments to the matrix were expected, and that the matrix had not yet been approved.  The CDCR memo also extended the wear-out period for 180 days after approval of the matrix.

On December 23, 2013, CDCR issued another memo indicating that the matrix had been approved and was in effect as of December 10, 2013.  The memo also indicated that the wear-out date was extended to June 9, 2014.  The Religious Personal Property Matrix was attached to the memo, but it did not include any additional religious items for the NASC.

Plaintiff alleges that Defendant Beard knew, or should have known, that "allowing and participating in the implementation of Notice to Change to Regulations 13-01 and its progenies,

now incorporated into California Code of Regulations, Title 15, Section 3190, which disallows the possession and/or acquisition of previously approved religious artifacts and other items that are integral and central to [his] daily" Native American spiritual practice, would result in a violation of the First Amendment and RLUIPA.  ECF No. 49, at 5.  Plaintiff also alleges that NCR 13-01 is skewed to benefit conventional religions, in violation of the Fourteenth Amendment.

For relief, Plaintiff asks that NCR 13-01 and its progenies be deemed unconstitutional, and that Defendant be ordered to rescind or amend the regulations.

## C.     LACK OF SUBJECT MATTER JURISDICTION

### 1.     Legal Standard

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  As a result, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." Id. (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of establishing subject-matter jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  There are two types of Rule 12(b)(1) motions: (1) a facial attack on subject-matter jurisdiction based solely on the allegations made in the complaint, see Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); or (2) a factual attack on subject-matter jurisdiction that may be based on extrinsic evidence outside of the pleadings, see White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack, the allegations in Plaintiff's complaint are taken as true and all reasonable inferences are drawn in his favor.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Missouri v. Harris, 2014 WL 4971473 (E.D. Cal. 2014).  Further, the complaint must be construed liberally because Plaintiff is proceeding pro se.  Id.

2.  <u>Analysis</u>

Defendant argues that this case is not ripe for adjudication because Plaintiff has not alleged that he has been concretely injured because of the implementation of the current Religious Personal Property Matrix ("RPPM"). Defendant therefore contends that the impact of any property deprivation is purely speculative and unfit for judicial review.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); <u>Human Life of Washington Inc. v. Brumsickle</u>, 624 F.3d 990, 1000 (9th Cir. 2010); <u>Chandler v. State Farm Mutual Auto. Ins. Co</u>., 598 F.2d 1115, 1121-22 (9th Cir. 2010). This requires Plaintiff to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in his favor. <u>Human Life of Washington Inc</u>., 624 F.3d at 1000 (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992)) (quotation marks omitted). Related to standing is the doctrine of ripeness, which precludes from consideration injuries that are speculative and may never occur. <u>Chandler</u>, 598 F.3d at 1122 (citation omitted). Ripeness is a question of timing and can be characterized as standing on a timeline. <u>Thomas v. Anchorage Equal Rights Comm'n</u>, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quotations and citations omitted).

Defendant is correct that Plaintiff has not alleged that any of his property was actually confiscated and/or denied pursuant to "NCR 13-01 and its progenies." The mere existence of the regulation does not satisfy the case or controversy requirement. <u>Thomas</u>, 220 F.3d at 1139.

In his opposition, Plaintiff first argues that "the unconstitutional nature of the RPPM is injurious." ECF No. 56, at 3. However, whether Plaintiff's claims are ripe for adjudication is a separate and distinct issue. Even though Plaintiff challenges the constitutionality of the regulations, he must still have suffered an injury that is actual and concrete, rather than speculative. Similarly, Plaintiff suggests that the Court should view with caution an argument

5

that his constitutional claims are made solely for the purpose of obtaining federal jurisdiction. Defendant is not arguing that Plaintiff's claims do not satisfy federal question jurisdiction. Rather, even though federal jurisdiction exists, his claims must be ripe for adjudication.

Turning to the merits of Defendant's argument, Plaintiff points to "custody staff's actions intent on using the RRPM to target and confiscate [his] now unauthorized religious artifacts and [his] being forced to hide said artifacts with other inmates. . ." ECF No. 56, at 4.  Plaintiff argues that being forced to hide his artifacts violates a central tenant of his Native American belief- that his religious artifacts should never be touched or possessed by others.  He further states that he has been prevented him from wearing or using his artifacts openly, as has been part of his daily ceremonial life.

The Court must, however, examine the facts as they existed at the time this action was filed.  Scott v. Pasadena Unified School District, 306 F.3d 646, 656 (9th Cir. 2002).  In his Second Amended Complaint, Plaintiff alleges that he was told that as of October 19, 2013, staff would actively seek out, confiscate and destroy any religious property not included in the matrix. These allegations do not demonstrate that any property was taken and/or denied by the *current* regulations, which are the regulations at issue in this action.

Indeed, in the Court's May 7, 2015, order, the Court recognized that "[i]t is unclear from Plaintiff's allegations whether his property has actually been taken, or if he has only been subject to threats that it will be taken.  It may be possible that Plaintiff's claims are not ripe for adjudication. Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quotations and citations omitted)." ECF No. 44, at 2.

Distinguishing actual harm from threatened action is crucial, as the Ninth Circuit has held that neither the mere existence of a proscriptive statute, nor a generalized threat of prosecution, satisfies the "case or controversy" requirement. Thomas, 220 F.3d at 1139.  Plaintiff alleges nothing more than a generalized threat, and "[t]he threat of enforcement based on a future violation-which may never occur-is beyond speculation." Id. at 1140.

The statements in Plaintiff's opposition, even if considered, do not change this result. His statements show only that he has taken it upon himself to hide his religious property because he believes that it will ultimately be confiscated. Plaintiff's concerns, however, or his theory on how the regulations at issue will impact him, are insufficient to raise his allegations beyond the speculative level.

Plaintiff also points to his declaration, and that of inmate Barry Bausman, submitted in October 2014 in support of his motion for a temporary restraining order and preliminary injunction. Plaintiff's declaration describes correctional officers' searches that allegedly targeted his religious property. Not only are these facts not part of the Second Amended Complaint, but they are, as the Court explained in the Findings and Recommendations denying his motion, "only tangentially" related to the regulations at issue. ECF No. 25, at 3. Indeed, Plaintiff specifically characterized the searches as retaliatory actions taken by various staff members for his involvement in this litigation. As the Court explained, there was no direct connection between enforcement of the regulations and the retaliatory searches of specific officers.

Based on the above, the Court finds that Plaintiff's claims are not ripe for adjudication.

**D.     FAILURE TO STATE A CLAIM**

   1.     Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir.2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir.2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir.2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir.2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir.1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir.2000).  Courts may not supply essential elements not initially pled, Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir.2014), but "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates," Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir.2013).  Pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.2014) (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir.2012)).  "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them."  Blaisdell, 729 F.3d at 1241.

  2. <u>Discussion</u>

Plaintiff's complaint was screened and the Court determined it stated a claim upon which relief may be granted.  28 U.S.C. § 1915A; Nordstrom, 762 F.3d at 908 ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm, 680 F.3d at 1121); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir.2012) (section 1915(e)(2)(B)(ii) screening standard is the same as Rule 12(b)(6) standard).

Defendant's argument appears to be based mainly on his ripeness argument- that Plaintiff's failure to allege an actual injury prevents him from stating cognizable claims.

However, given the deference this Court must afford to Plaintiff to permit him to proceed past the pleading stage, and the finding that his claims are ultimately unripe, the Court will not address Defendant's argument.

E. **FINDINGS AND RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Defendant's motion to dismiss be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may file a reply within fourteen (14) days of receiving objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 20, 2015**               /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE